IN THE MATTER OF THE ESTATE OF ELIZABETH KLOP-
PENBERG, A/K/A ELIZABETH MARTIN, DECEASED.

---

EDWARD F. TANSEY, PLAINTIFF-RESPONDENT, v. JOHN
MASSEY, ADMINISTRATOR *C.T.A.* OF THE ESTATE OF
ELIZABETH KLOPPENBERG, DECEASED, DEFENDANT-
APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 23, 1963—Decided January 17, 1964.

Before Judges GAULKIN, SULLIVAN and LEWIS.

*Mr. Arthur Dennis Loring* argued the cause for appellant (*Mr. Seymour R. Kleinberg,* attorney).

*Mr. Norman Mesnikoff* argued the cause for respondent (*Mr. Philip Newman,* attorney).

·The opinion of the court was delivered by

LEWIS, J. A. D.   On plaintiff's motion, the Monmouth County Court entered summary judgment from which defendant appeals.   The form of judgment against "John Massey" is not challenged.

From the meager record before us it appears that Elizabeth Kloppenberg, also known as Elizabeth Martin, died testate on October 11, 1961 and, the executors designated in her will having refused to act, John Massey was appointed administrator *c. t. a.*   Precisely one month prior to her death, decedent opened a savings account in the amount of $1,273.34

at the Keansburg National Bank "in trust for Edward Tansey," the plaintiff. Anna C. Tansey, plaintiff's wife, was present on October 12, 1961 when an inventory was taken of decedent's personal property which disclosed the existence of a pass book evidencing the aforesaid bank account. Prior to that time the Tanseys were unaware of the deposit. The trust account was withdrawn by the administrator *c. t. a.,* one-half thereof on November 21, 1961 and the balance on May 29, 1962, and was deposited in an estate account. On the day last mentioned the estate was distributed.

We have not been furnished with a copy of decedent's last will and testament or the fiduciary's inventory of assets. There is no evidence that the administrator *c. t. a.* sought judicial instructions, rendered an accounting (either formal or informal), obtained an order of distribution, or secured releases and refunding bonds from the distributees.

In an affidavit of John Massey (administrator *c. t. a.*) he declared, "I have spent the monies which I was entitled to and so have the other heirs, my brother and sister, and are unable to pay any sums to claimant. To do so would create an extreme hardship." The trial judge, in entering summary judgment for the plaintiff, expressed the opinion that the beneficiary named in the aforesaid account was entitled to the proceeds thereof upon the death of the depositor-trustee. With that conclusion we agree.

It is conceded that our courts have adhered to the prevailing common law doctrine, in civil matters, that "[a] change of the established law by judicial decision is retrospective." *Fox v. Snow,* 6 *N. J.* 12, 14 (1950). But defendant argues that the rule is not absolute and the retrospective operation of a judicial determination is not to be employed when, as here alleged, he has been prejudiced by reliance upon prior court determinations, citing in support of such an exception *Terracciona v. Magee,* 53 *N. J. Super.* 557 *(Cty. Ct.* 1959), *Arrow Builders Supply Corp. v. Hudson Terrace Apts.,* 16 *N. J.* 47 (1954), and *Sofman v. Denham Food Service, Inc.,* 37 *N. J.* 304 (1962). However, those cases

emphasize that a decision overruling a former doctrine may be limited to prospective application only where a defendant demonstrates affirmatively that he has been prejudiced to a substantial degree by justifiable reliance upon a rule previously stated by the highest court. *Sofman v. Denham Food Service, Inc., supra*, at *p.* 314. See generally 14 *Am. Jur., Courts*, § 130, *pp.* 345–347 (1938), and 21 *C. J. S. Courts* § 194, *pp.* 326–330 (1940).

The administrator *c. t. a.*, in making distribution as he did, allegedly relied upon three judicial authorities that dealt with trust deposit accounts created in a manner similar to the account under review, *viz: Bendix v. Hudson County National Bank*, 142 *N. J. Eq.* 487 (*E. & A.* 1948) (deposit in 1944); *Howard Savings Institution v. Quatra*, 38 *N. J. Super.* 174 (*Ch. Div.* 1955) (deposits in 1948 and 1951); and *Howard Savings Inst. v. Kielb*, 66 *N. J. Super.* 98 (*Ch. Div.* 1961) (deposits in 1931, 1946, 1948 and 1950). The deposit dates are significant in determining applicable law, and we here note that in the case *sub judice* the deposit was made on September 11, 1961.

Since the original Banking Act, numerous amendments and re-enactments have been adopted by the Legislature. The Banking Act of 1948 (*chapter* 67, effective in September of that year) repealed *R. S.* 17:9–4 and substituted *N. J. S. A.* 17:9A–216. There have been three subsequent amendments to that section: *L.* 1949, *c.* 286, § 1, *p.* 880; *L.* 1953, *c.* 17, § 34, *p.* 174; and *L.* 1954, *c.* 209, § 1, *p.* 770.

The original *N. J. S. A.* 17:9A–216· (1948) was similar to *R. S.* 17:9–4, which was construed in *Bendix v. Hudson County National Bank, supra*, 142 *N. J. Eq.*, at *p.* 491, to the effect that the mere opening of a bank account in the name of a depositor in trust for another was not conclusive of an intention to make an absolute gift or to create an irrevocable trust. The court said, "It is necessary that there be 'some unequivocable act or declaration clearly showing that an absolute gift or trust was intended,'" quoting from *Nicklas v. Parker*, 71 *N. J. Eq.* 777, 781 (*E. & A.* 1905).

Following *Bendix*, the Legislature in its next session enacted the 1949 amendment to overcome the judicial interpretation of a rebuttable presumption. The pertinent provisions of the statute were rephrased to read:

"216. Deposits by one person in trust for another.

A. A banking institution may accept demand or time deposits in the name of an individual depositor as trustee or in trust for a named beneficiary. The depositor, by making such deposits, shall *conclusively be presumed* to intend to declare and create a trust of such deposits and of any credits of interest, for the beneficiary, with the depositor as trustee, * * *." (*L.* 1949, *c.* 286, *p.* 880; emphasis supplied)

That amendment was held unconstitutional by the Chancery Division of the Superior Court in *Howard Savings Institution v. Quatra, supra,* on the theory that its title was fatally defective under *Art.* IV, § VII, *par.* 4 of the 1947 *Constitution of New Jersey*, and that, in substance, it denied due process and equal protection of law. No appeal was taken. The soundness of the decision, however, has been questioned by respected legal commentators. See 5 *N. J. Practice (Clapp, Wills and Administration)*, § 7, *pp.* 26–27, 29 (3d *ed.* 1962); Sands, "Legislation," 11 *Rutgers L. Rev.* 10–16 (1957); Tischler, "Trusts," 11 *Rutgers L. Rev.* 328, 331–332 (1957).

In 1954 the Legislature, in an attempt to establish a vested right in a named beneficiary of a depositor-trustee account, fortified its intended policy to create a conclusive presumption as a rule of substantive law by further amending *N. J. S. A.* 17:9A–216 and by enacting *N. J. S. A.* 46:37–1 and 2 as an amendment to the Property Act. The respective statements appended to the companion Senate bills which were enacted into the foregoing statutory amendments clearly indicate the objective sought by the Legislature. We quote the statement to *Senate Bill No.* 276 which became *L.* 1954, *c.* 209, § 1, *p.* 770 (*N. J. S. A.* 17:9A–216):

"It is the purpose of this bill to provide for survivorship in certain time or demand deposit accounts maintained in banking institutions.

> The courts have held that present law raises only a rebuttable presumption of an intent to create the right of survivorship.
>
> This bill provides that the presumption of an intent to create the right of survivorship shall be conclusive."

and the statement to *Senate Bill No.* 275 which became *L.* 1954, *c.* 208, § 1, *p.* 769 (*N. J. S. A.* 46:37-1 and 2):

> "The purpose of this bill is to provide that provisions for survivorship in certain bank accounts will not be unenforceable on the ground that they do not comply with the laws governing the making of wills."

The controversy in *Howard Savings Inst. v. Kielb, supra,* concerned bank accounts entitled "Eva Kielb in trust for Walter Kielb, Jr." The Chancery Division, adopting the rationale enunciated in *Quatra,* held there were no valid *inter vivos* gifts or trusts in favor of Walter Kielb, Jr., since Eva Kielb (the mother) retained control and the son was unaware of the accounts until after the mother's death. On appeal the case was certified directly to the Supreme Court, which overruled *Quatra* and reversed the decision of the Chancery Division. *Howard Savings Institution v. Kielb,* 38 *N. J.* 186 (argued November 21, 1961, reargued June 4, 1962, and decided June 29, 1962). The validity of the 1954 amendments is sustainable for the reasons enunciated by the Supreme Court in *Kielb,* and the effectiveness of that decision is retrospective as well as prospective.

Considered in the light of the foregoing, it seems clear that the defendant administrator *c. t. a.* was not justified in disregarding the interest of plaintiff. (1) There was no reasonable basis for defendant's reliance upon *Bendix, Quatra,* and *Kielb (Ch. Div.),* as the deposit accounts in those cases were established prior to the 1954 amendment to the Banking Act which is the particular law applicable in the case at bar. Neither that amendment nor its companion amendment to the Property Act had received judicial construction. (2) The decisions in *Quatra* and *Kielb (Ch. Div.)* were not rendered by the highest court in this State. (3) At the time defendant withdrew the bank account in question and made final dis-

tribution thereof as an asset of the estate, the Chancery Division decision in *Kielb* was pending on appeal before the Supreme Court. (4) Notwithstanding the declared purpose of the 1954 legislation and the unambiguous language employed by the Legislature to effectuate a conclusive presumption in favor of a named beneficiary, defendant chose to rely upon his interpretation of the law. He did not seek an order of distribution incident to an administrator's accounting as provided by *R. R.* 4:117–1, and he failed to obtain judicial advice or direction pursuant to *N. J. S.* 2A:16–55.

It is fundamental that a fiduciary has the right and, indeed, the duty to ask for instructions where there is a valid doubt as to his duties and obligations. Moreover, defendant was one of the distributees of the estate and he had a personal interest in conflict with plaintiff's claim as a trust beneficiary. There was, under the circumstances, an added cautionary obligation on defendant not to proceed with the distribution of the estate to himself and his relatives without first ascertaining plaintiff's legal rights.

The judgment of the trial court is affirmed.